**WARD et al. v. BARNES et al.**

Court of Appeals of Kentucky.

March 26, 1954.

. Kenneth A. Howe, Pikeville, for appellants.

R. Campbell Van Sant, Christopher C. Frishe, G. B. Johnson, Frankfort, Howard & Francis, Prestonsburg, for appellees.

MILLIKEN, Justice.

The right of the appellants, thirty-seven employees of the appellee Princess Elkhorn Coal Company, to unemployment compensation benefits from June 9, 1950, to August 24, 1950, depends upon whether their unemployment during that period was caused by a good faith labor dispute. The Commission held that they were not entitled to benefits, and the trial court affirmed its conclusion.

For about two years prior to May 31, 1950, the company had used staggered shifts of tipple employees in order to achieve continuity of operation, and the Union contended the practice violated their labor contract which, in turn, was denied by the company. The controversy came to a head on June 1, 1950, when the Union ordered the tipple workers to refuse to work. A week later, on June 8, the Union and the company came to an understanding whereby the company operated its tipple for two 7¼ hour shifts instead of three such shifts as previously, and abandoned staggering its tipple employees. Because the company could not process as much coal with two shifts of tipple workers as it had with three, it became necessary to reduce the number of workers in the mine and the appellants thus were laid off. Not until August 24 was the dispute settled, when the Union, in order to return its laid off members to work, withdrew its opposition to the company's practice. In the meantime, the company had filed an unfair labor practice complaint with the National Labor

Relations Board requesting a ruling, but no decision had been reached by the Board at the time the Union withdrew its objection to the company's practice.

■ If the labor dispute may be considered as terminated on June 9, the appellants are entitled to unemployment compensation benefits. If the arrangement for two shifts between June 9 and August 24, is considered a mere truce or armistice in the labor dispute, then the appellants are not entitled to unemployment benefits under KRS 341.360, which provides in part that "No worker may serve a waiting period or be paid benefits for any week of unemployment with respect to which: (1) A strike or other [good faith] labor dispute which caused him to leave or lose his employment is in active progress in the establishment in which he is or was employed". Whatever the result of this litigation, the Commission's pooled account will not be affected.

In Barnes v. Hall, 285 Ky. 160, 146 S.W. 2d 929, 935, this court adopted the definition of labor dispute given in the National Labor Relations Act, Section 2, Subsection 9, 29 U.S.C.A. § 152(9), that "The term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee", and also quoted with approval from the opinion in Iron Molders' Union No. 125 of Milwaukee, Wis. v. Allis-Chalmers Co., 7 Cir., 166 F. 45, 52, 20 L.R.A.,N.S., 315, that "A strike is cessation of work by employees in an effort to get for the employees more desirable terms."

■ The Union had obtained a cessation of the practice of staggering the men working on the tipple which was the precipitating cause of the work stoppage, and which was considered a desirable result at the time by the Union officials. As it so often does, experience did not conform to expectations, and what was considered a desirable change in the conditions of work resulted in a decrease in the amount of work available. The desired changed condition or practice continued until August 24, when a return to the former practice put the appellants back on the pay roll. It is the consensus of the court that the Commission was justified in concluding that the appellants' unemployment from June 9 to August 24 was a direct result of a continuing labor dispute and hence not compensable under the governing statute.

The trial court having approved the Commission's conclusion, the judgment is affirmed.

COMBS, J., not sitting.